# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| CESAR V. GONZALEZ | § | |
| | § | |
| v. | § | SA-12-CV-806-XR |
| | § | |
| TIER ONE SECURITY, INC. | § | |

## ORDER

On this day came on to be considered Plaintiff's motion for conditional certification (doc. no. 14), Defendants' motion to strike (doc. no. 16), and Defendants' opposed motion for leave to file sur-reply (doc. no. 22).

## Background

Plaintiff, Cesar V. Gonzalez, brings this FLSA suit on behalf of himself and other similarly situated employees pursuant to the "collective action" provisions of 29 U.S.C. § 216(b). Plaintiff was formerly employed as a security guard. Plaintiff alleges that he spent the majority of his working time stationed at the gates of various Tier One clients. He would monitor the access into these facilities and "log" the "individuals coming to and going from the customers' properties." He alleges that he was paid $25.00 per hour, but was never paid overtime wages for any hours worked in excess of forty (40) hours in the workweek.

Defendants do not dispute the above statements, but argue that Plaintiff and all the security guards were independent contractors and not employees who were required to be paid overtime wages. In addition, Defendants argue that they retained individuals, such as Cesar V. Gonzalez, to work as a security guard and that they retained the services of various law enforcement agencies, whereby those entities supplied law enforcement officers to serve as security guards. Defendants argue that Edna Rodriguez was retained through a contract with a law enforcement agency. Finally, Defendants argue that each client site was unique in terms of what a security guard was required to do. Accordingly, Defendants argue that Plaintiff is not similarly situated to any other putative collective action members.

## Analysis

The FLSA requires employers to pay employees a statutory minimum hourly wage. For each hour an employee works in excess of 40 hours in a given week, employers must pay an overtime wage that is at least one and one-half times the employee's regular rate.

29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself ... and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. Accordingly, the method adopted by this Court for determining whether to certify a collective action under § 216(b)--the *Lusardi* two-tiered approach--involves a preliminary decision regarding notice to putative class members. In the first stage, called the notice

2

stage, the District Court must make an initial determination whether notice of the action should be sent to potential class members. This determination is based solely on the pleadings and affidavits, and the standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and who receive an opportunity to "opt in." "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *See* U.S.C. § 216(b); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).

Once conditional certification is granted, the case proceeds through discovery as a representative action. *Mooney*, 54 F.3d 1207, 1214. Upon completion of discovery, the defendant will typically file a motion for decertification. At this second stage of the analysis, the District Court should make a factual determination as to whether the putative class members are similarly situated. If so, then the representative action may proceed; if not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754-55 (S.D. Tex. 2004).

Plaintiff's pleadings are sufficient to allege a violation of the FLSA. Defendants' argument that their classification of the security guards as independent contractors (and not employees) wholly dictates that conditional

certification is inappropriate is without merit. As stated above, Defendants may later file any dispositive motion addressing their claim that the security guards are not employees entitled to FLSA protection.[1]

Defendants' objections regarding the scope of any class, however, do have merit. Defendants proffer an affidavit from Lt. Moises Pena of the Eagle Pass Police Department, which states that he determines which Eagle Pass police officers are *eligible* to "moonlight as security officers" and he schedules such officers to work at Tier One clients and at other locations. He then prepares an invoice to Tier One identifying which officers worked and amounts owed. Accordingly, security guards retained individually by Tier One are not similarly situated to security guards retained through third-party entities such as the Eagle Pass Police Department.

The Court therefore concludes that Plaintiffs' allegations are sufficient to meet the lenient standard for conditional certification, but only for those individuals who privately entered into agreements with the Defendants. Significant questions exist as to whether law enforcement agencies possessed the

---

[1] *See e.g. Gate Guard Services L.P. v. Solis*, 2013 WL 593418 (S.D. Tex. Feb. 13, 2013)(gate attendants were independent contractors determined after dispositive motion filed); *Carter v. Indiana State Fair Com'n*, 2012 WL 4481350 (S.D. Ind. July 17, 2012)("Defendant further argues that an economic realities test should be applied to determine putative class members and that fact-intensive inquires into an employment relationship render a collective action inappropriate. Defendant's arguments, however, are premature and should be considered at step two...."); *Solis v. Intern. Detective & Protective Service, Ltd.*, 819 F.Supp.2d 740 (N.D. Ill. 2011)(after reviewing a motion for summary judgment the Court determined that security guards employed by commercial security company were "employees" under the FLSA, rather than independent contractors); *Herman v. Task Force Sec. & Investigations, Inc.*, 1999 WL 486535 (E.D. N.Y. 1999)(post-trial court held security guards were employees).

power to hire and fire a law enforcement officer from serving as a security guard, controlled the work schedules and conditions of employment and maintained wage records.[2]

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' allegations are sufficient to allow an initial conditional certification of the case as a collective action, but only for those individuals who privately entered into agreements with the Defendants. Therefore, the Court GRANTS, in part, Plaintiffs' Motion for Conditional Certification and For Notice to Potential Class Members. Defendants' motion to strike (doc. no. 16), and Defendants' opposed motion for leave to file sur-reply (doc. no. 22) are DENIED.

To facilitate the progression of this case through a final determination of the collective action status, the Court ORDERS Defendants to provide Plaintiffs with a list (in computer readable format) of the names and last known addresses (and the last four digits of their social security number)[3] of all individuals working as security guards who privately entered into agreements with the Defendants from August 28, 2009 to the present within fourteen (14) days of the date of this Order. Upon receipt of said list by Plaintiffs, Plaintiffs shall send to

---

[2] The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship under the FLSA. *Gray v. Powers*, 673 F.3d 352, 354–55 (5th Cir. 2012). Factors considered under the economic reality test include, but are not limited to, whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *See also Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990).

[3] Defendants are not required to provide last known telephone numbers.

potential class members the court- approved notice of this action (as modified by this Order) with a date-specific deadline for opting-in that is sixty (60) days from the date of the mailing of the notices.

It is so ORDERED.

SIGNED this 8th day of April, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE